UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ROBERT M. OSBORNE, JR.; DONNA OSBORNE; and DRI, LLC, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CV410-296 |
| DARBY BANK & TRUST CO.; DRAYPROP, LLC; DRAYPARK, LLC; MICHAEL BROWN; REUBEN CROLL; FEDERAL DEPOSIT INSURANCE CORPORATION, as *Receiver of the business and property Of Darby Bank & Trust Co.*; and MARLEY MANAGEMENT COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Federal Deposit Insurance Corporation (FDIC), having taken over defendant Darby Bank & Trust Co., removed to this Court this lender-liability case against Darby, as well as the rest of the case involving state-law claims against the remaining defendants. Doc. 1. That subjected the parties to Fed. R. Civ. P. Rule 26(a)(1) disclosure[1] and

---

[1] Pursuant to

discovery-based deadlines. Plaintiffs, meanwhile, have moved to remand, doc. 7, a maneuver opposed by the FDIC, doc. 18, which itself moves for summary judgment to dismiss the entire case against it. Doc. 19; *see also* doc. 21 at 8-9. Co-defendant Reuben Croll also moves for complete summary judgment against plaintiffs, contending that their breach of contract, negligent misrepresentation, and other claims against him are meritless. Docs. 10 & 12. And defendants Drayprop, LLC, Draypark,

---

Rule 26(a), a party must disclose, without awaiting a discovery request, any tangible item "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Failing to disclose any item required by Rule 26(a) results in that party not being allowed to use that item during the proceedings, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

*Rasmussen v. Central Fl. Council Boy Scouts Of Am.*, 2011 WL 311680 at * 3 (11th Cir. Feb. 2, 2011). And "under Rule 26(f), plaintiffs are under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f)." *Ferguson v. Aurora Loan Services*, 2010 WL 3463585 at * 2 (S.D. Ga. Aug. 31, 2010). Finally,

[a] party must make the initial [Rule 26(a)] disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Rule 26(a)(1)(C). In that regard, "Rule 26 merely requires the parties to disclose information concerning the claims or defenses that is reasonably available. *See* Fed. R. Civ. P. 26(a)(1)(A), (E)." *Jozwiak v. Stryker Corp.*, 2010 WL 147143 at * 3 (M.D. Fla. Jan. 11, 2010).

2

LLC, and Michael Brown likewise move for summary judgment on similar grounds. Docs. 14 & 15. Defendant Marley Management Company, a latecomer defendant,[2] has filed no motions.

Meanwhile, the parties filed a status report wherein they disagree over whether to continue with discovery or stay it pending the above-cited, dispositive motions. (Only the remand motion was then pending, but the additional motions noted above were then contemplated.) Doc. 8 at 3. Insisting that discovery was more or less completed prior to this case's removal, plaintiffs insist they should be spared that expense, *id.* at 3 ¶ 4, but upon defense counsel's request they will comply. *Id.* Defendants want all discovery-based activity stayed pending resolution of their dispositive motions, along with plaintiffs' remand motion. Doc. 8 at 3-4 ¶ 6. Additional debate arises over Marley's discovery rights, with plaintiffs insisting that, because of common counsel, it has had plenty of discovery already. *Id.* The Court notes that

---

[2] The parties explain that Marley was added as a defendant while this case was in state court. Doc. 8 at 3-4; *see also* doc. 1-39 at 8; doc. 1-43 at 2 (state court filings showing Marley added as a defendant). However, the FDIC neglected to include Marley as a captioned defendant when it removed this case, and the Clerk merely copied that caption in creating the *docket* caption, which means that Marley is missing from it. The Clerk is therefore **DIRECTED** to amend the docket caption to include "Marley Management Company" as a captioned defendant. The Court has corrected the caption above accordingly, and all subsequent filings shall conform.

3

> [w]hile motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla.1997) citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. *Id.* In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Feldman, supra*, 176 F.R.D. at 652-53.

*McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at * 2 (M.D. Ga. Oct. 10, 2008) ("it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted").

Upon preliminarily reviewing the pending motions, the Court finds that they have considerable heft and may dispose of this case, obviating further discovery. Applying the principles set forth in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), and *Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (no error in the district court's imposition of a stay pending the resolution of a motion to dismiss based on facial challenges to the complaint), the Court concludes that the Rule 26(a) and ongoing discovery obligations should be stayed pending the above-noted dispositive motions, against which any party may freely

4

invoke Fed. R. Civ. P. 56(d) should any additional discovery be needed. Should the district judge fail to grant the dispositive motions (hence, leaving some or all of this case standing afterwards), then within 14 days of such ruling the parties shall exchange Rule 26(a) disclosures and submit a new status report with proposed scheduling order deadlines based on a 90-day discovery deadline. Given the lack of information presented here about Marley's discovery needs, it *may* move the Court, upon good cause, to amend this Order. The Rule 26(a) and discovery-stay motion, doc. 8 at 3-4, then, is **GRANTED**.

**SO ORDERED** this  16th  day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA